# EMMA J. TURNER *v.* THE NORTH BEACH AND MISSION RAILROAD COMPANY.

Damages—Actual and Punitive—Liability for of Principal and Agent.— Plaintiff was ejected from a street railroad car in San Francisco, belonging to defendant, a corporation, by the Conductor of the car, at the hour of ten o'clock at night, with some violence, but resulting in no appreciable damage to plaintiff in person or estate. Plaintiff brought action to recover damages therefor, and in complaint alleged, that defendant is a common carrier of passengers; that immediately after plaintiff entered the car, defendant, without any lawful cause, and with great force and violence, and at a place other than the usual stopping place for leaving passengers, ejected plaintiff from the car and refused to transport her, and greatly injured her in her person. There was no express averment that the act was wantonly or maliciously done, nor of special damage. On the trial it appeared from plaintiff's testimony that she is a person of color; that immediately after being ejected as aforesaid, she was, on her application, conveyed on another of defendant's cars to her place of destination. There was no proof tending to show malice or willful injury on the part of the defendant toward the plaintiff, nor, if such conduct was exhibited by the Conductor, that defendant either prompted or was privy to it in advance, or approved it afterwards. Plain-

tiff had a verdict and judgment for seven hundred and fifty dollars damages. *Held,* first, that the defendant is liable, as principal, for all actual damage resulting to plaintiff from the acts complained of, which were done by defendant's agent, the said Conductor, said acts being within the scope of his agency, even if the Conductor had been expressly forbidden by the defendant to do said acts; second, that the defendant is not liable for the willful or malicious acts of its agent, the Conductor, done without its authority in advance or its subsequent approval; third, that it was incumbent on plaintiff, in order to charge defendant with punitive damages for the wanton, willful, or malicious acts of its agent, the Conductor, to prove that the said acts were done by its authority, either express or implied, or were subsequently adopted as its own, and that for such punitive damages as plaintiff may be entitled to for the wanton, willful, or malicious acts of the Conductor which were not so authorized or adopted by defendant, the Conductor alone is responsible; and fifth, that upon the facts disclosed, said verdict and judgment or damages were excessive, and appear to have been given under the influence of passion or prejudice.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*W. W. Crane,* and *J. G. McCullough,* for Appellant.

The appellant is liable for the actual damages sustained; for compensatory, not punitive damages, caused by its sub-agents and servants, and is not to be punished for the malice of its servants. (*Mil. & Miss. R. R. Co.* v. *Finney,* 10 Wis. 388; *Weed* v. *Pan. R. Co.,* 17 N. Y. 362; *Southwick* v. *Estes,* 7 Cush. 385; *P. R. R. Co.* v. *Derby,* 14 How., U. S., 486; *Wells* v. *N. Y. Cen. R. R. Co.,* 24 N. Y. 183, 184.) If the company is to be held for not only the actual damages caused by the malicious acts, but also in punitory damages, then the malice and wantonness of the servant must be brought home, and directly charged to the principal, and proved as alleged. (*P. W. & B. R. Co.* v. *Quigley,* 21 How. 212; *Maynard* v. *F. Ins. Co., ante,* 48; *Levitzky* v. *Canning,* 33 Cal. 299; 2 Greenl. Ev., Sec. 272; *Churchill* v. *Watson,* 5 Day, 140; *Bracegirdle* v. *Orford,* 2 M. & S. 77; *Merest* v. *Harvey,* 5 Taunt. 442.)

*W. C. Burnett,* for Respondent.

The complaint sufficiently charges the acts complained of to have been wanton. (Van Santvoort's Pl., 498, Form No. 75.) In cases like that at bar exemplary damages may be given. (Sedg. on Meas. of Dam. 457–59; *Wardrobe* v. *Cal. Stage Co.*, 7 Cal. 120.)

By the Court, CROCKETT, J. :

The plaintiff sues the defendant, a corporation owning a street railroad in San Francisco, to recover damages for having been ejected from one of the passenger cars of the defendant. The complaint avers that the defendant is a common carrier of passengers along certain streets of the city; that the plaintiff went upon one of the cars of defendant for the purpose of being transported along said route, and became a passenger thereon, being ready and willing to pay the proper fare; and that immediately after entering the car, " the said defendant, without any lawful cause, and with great force and violence, and at a place other than a usual stopping place of said defendants for leaving passengers," ejected the plaintiff from the car, and refused to transport her on said road, and greatly injured her in her person. This is the *gravamen* of the offense. There is no express averment that the act was wantonly or maliciously done, nor any allegation of special damage. The answer denies all the material averments of the complaint.

On the trial it appeared that the plaintiff is a person of color, and being examined as a witness on her own behalf, her version of the transaction was, that on the occasion referred to she hailed one of the defendant's cars by the usual signal; that in obedience to the signal the car stopped; that she immediately proceeded to enter the car, and had gotten upon the platform and was holding to the iron railing round it, when the Conductor put his hand on her breast, and saying to her, " Madam, you must wait for the next car," broke her hold on the car with his hand, and pushed her off the car; that she fell backward, and stepped upon her dress

with such violence as to partially tear the skirt from the body; that the transaction occurred in the evening, after dark, and that the car was only partially filled with passengers; that after being ejected she waited a few minutes until another car of the defendant came along, on which she took passage without objection, and was transported to her place of destination. There was no proof that she suffered any personal injury, or was in anywise damaged otherwise than as above stated.

The Conductor on the car in question was called as a witness for the defense, and gave a somewhat different version of the affair.

He testified that on being hailed by the plaintiff he stopped the car, and when she approached sufficiently near he told her she had better wait for the next car; that she did not get near enough to take hold of the car before it moved on; that she did not get on the step or platform, and he did not lay his hand upon her, and did not then know whether she was a white or colored woman.

This was the substance of the testimony on which the jury found a verdict for the plaintiff for seven hundred and fifty dollars.

The defendant moved the Court to charge the jury:

First—that they could not take into consideration the feelings, whether injured or not, of the plaintiff in passing on the question of damages; second—that if the plaintiff went to her destination on that evening in one of the cars of the defendant, then the defendant cannot be charged with refusing to carry the plaintiff, because she is a colored person, and can only be charged for the particular occurrence that took place on the other car.

The Court refused to give these charges, but, at the instance of the defendant, charged the jury that the fact that the plaintiff is a woman of color can in no manner cut any figure in the determination of this action. The Court, of its own motion, then charged the jury somewhat elaborately in respect to its duty to be careful not to allow any prejudices for

or against the plaintiff, on account of her race or color, to influence their judgment; and charged them further, in substance, that the "injury, if committed, and if a willful one on the part of the defendant, in their servant, the Conductor, and accompanied by malice or such acts as in their nature tended to show a purpose of resentment or ill will, or a disposition to degrade the plaintiff, entitled her to what is called exemplary damages."

Also, that "where a duty imposed by law is willfully and maliciously refused to be performed, or performed in such a way as to wound the feelings of the person to whom it is owing, the injury partakes more or less of a public character, and extends beyond the mere pecuniary damage sustained by the party against whom it has been committed."

The same propositions, in a somewhat modified form, were repeated in another part of the charge.

The defendant having excepted to this portion of the charge and to the refusal of the Court to charge the jury as asked, moved for a new trial, which was denied, and the defendant has appealed.

Amongst other grounds of the motion for a new trial, the defendant alleges that the damages are excessive, and appear to have been given under the influence of passion or prejudice. This ground is well taken. There was no proof in the cause that the plaintiff had suffered any appreciable damage in her person or estate. From her own history of the transaction she got upon the platform of the car, when the Conductor told her to wait for the next car, and somewhat rudely pushed her back, causing her to tread upon and tear her dress. After waiting a few minutes she took another car of the defendant and went to her destination.

We are unable to conceive it possible that a jury free from passion or prejudice, upon so trivial a cause of action as that exhibited by the plaintiff in her own testimony, could have found a verdict for so large a sum.

But the more important questions to be considered are, whether or not the District Court properly defined the rule

of damages in its charge to the jury, and whether any proof of malice was admissible under the pleadings.

There was no proof whatever in the cause tending to show malice or willful injury on the part of the defendant, the railroad company, toward the plaintiff. If any malice, ill will or wanton conduct was exhibited by any one, it was by the Conductor, and there was no proof tending to show that the railroad company either prompted or was privy to it in advance, or approved it afterwards. There was not the slightest proof tending to establish any complicity between the Conductor and the company in respect to any wanton or malicious injury to the plaintiff.

The rule is well established that the principal is liable for all actual damage resulting from the malfeasances, negligences or torts of his servant or agent in the course of his employment, subject, however, to the limitation that he is not liable for the torts or negligence of his agent in any matter beyond the scope of his agency unless he expressly authorized them or has subsequently adopted them. "Hence it is," to use the language of Mr. Justice Story, " that the principal is never liable for the unauthorized or willful or the malicious act or trespass of his agent." (Story's Agency, Sec. 456.)

The same principle is fully decided in *Wright* v. *Wilcox*, 19 Wend. 343, and many other cases.

But while the principal is not liable for the willful or malicious acts of his servants or agents done without the authority of the principal and not subsequently adopted by him, he is responsible for their negligences, omissions and malfeasances committed in the regular course of their employment, even though they were expressly forbidden to do the acts complained of. (*Philadelphia and Redding R. R. Co.* v. *Derby*, 14 How. 486.)

Tested by these principles, it is obvious that in this case the defendant was not liable for any malicious and wanton conduct of the Conductor. If liable at all, its liability must be confined to the actual damage which the plaintiff suffered.

To render the defendant liable for punitive damages, it was incumbent on the plaintiff to show that the act complained of was done with the authority, either express or implied, of the defendant, or was subsequently adopted by the company. (*Hagan* v. *Prov. and Worc. R. R. Co.*, 3 R. I. 88.)

But if the refusal of the Conductor to permit the plaintiff to enter the car proceeded purely from his own malice, and was in violation of the express orders of the company, the defendant is, nevertheless, liable for the actual damage suffered by the plaintiff by reason of such refusal.   The defendant being a common carrier of passengers, it was its duty to receive the plaintiff as a passenger, under the facts proved in this case; and it cannot escape liability for such actual damage as the plaintiff suffered by reason of the refusal, on the ground that its Conductor acted without authority or even in violation of express orders, and from a malicious motive. The plaintiff was entitled by law to be conveyed as a passenger in defendant's cars, and whatever was the motive of the Conductor in excluding her, the company must respond for the actual damage which she suffered by reason of being wrongfully ejected.   If her expulsion resulted from the malice of the Conductor, or was accompanied by violence and personal indignity, the Conductor alone is responsible for such damages as she may be entitled to for this cause beyond the actual damage resulting from her exclusion from the car, unless, as before stated, the company expressly or tacitly participated in the malice and violent conduct of the Conductor. In other words, if the act of the Conductor was wholly unauthorized, the company is liable for the actual damage, and the Conductor alone for the punitive damages, if any.

The question does not arise in this case to what extent, if at all, a railroad company, by its regulations, may discriminate between different classes of passengers.

Judgment and order denying a new trial reversed, and cause remanded for a new trial.